UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE SHELLEY, individually,<br><br>                   Plaintiff,<br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>                 Defendant. | NO:  CV-10-5124 RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on a summary judgment motion by Defendant Bank of America, N.A. ("Bank of America") against Plaintiff Debbie Shelley.  ECF No. 21.  The Court has reviewed the parties' filings with respect to this motion together with the remaining record in this case, heard oral argument on October 21, 2011, and is fully informed.

### BACKGROUND

Ms. Shelley sued Bank of America, her former employer, in the Walla Walla County Superior Court for (1) employment discrimination based on age in violation of the Washington Law Against Discrimination ("WLAD") and (2) for

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

retaliatory discharge based on a letter that Ms. Shelley filed internally and a complaint that she filed with the Equal Employment Opportunity Commission ("EEOC").  ECF No. 4 at 8-11.  The case was removed to this Court on the basis of diversity jurisdiction.  ECF No. 1.  Bank of America has moved for summary judgment on both the age discrimination and the retaliation claims.  ECF No. 21.

## FACTS

The following facts are undisputed, unless otherwise noted.  Bank of America hired Ms. Shelley in 2001 to work in the city of Walla Walla as a personal banker.  ECF No. 24 at 3.  In 2002, Bank of America promoted Ms. Shelley to work in the city of Dayton as a Banking Center Manager.  ECF No. 24 at 4.  In 2007, Ms. Shelley became the Banking Center Manager for the city of Walla Walla.  ECF No. 24 at 4.  Ms. Shelley's duties as Banking Center Manager included not only following and enforcing Bank of America's policies and procedures but also pursuing disciplinary actions against Bank of America employees.  ECF No. 24 at 5.  Bank of America employed Mr. Simpson in 2007 as a Consumer Market Executive for the Tri-State Region.  ECF No. 24 at 6.  Mr. Simpson was Ms. Shelley's manager.  ECF No. 24 at 6.

### Written Warnings

On July 25, 2008, Ms. Shelley received a written warning for failure to meet performance expectations.  ECF No. 24 at 8.  In approximately October 2008, Ms.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Shelley indicated to Mr. Simpson that she was quitting her employment with Bank of America, but Mr. Simpson convinced Ms. Shelley to continue working for the bank. ECF Nos. 24 at 15-16. Ms. Shelley received a second written warning on October of 2009 for failing to meet performance expectations. ECF No. 24 at 18.

### Letter to Personnel Records Repository

On November 7, 2009, Ms. Shelley sent a letter to the Bank of America personnel records repository in Kentucky. ECF No. 38 at 7. This letter was entitled "unfair written discipline" and referred to her October 2009 written discipline. ECF No. 38 at 7. It contained no indication that Ms. Shelley was unfairly disciplined due to age. ECF Nos. 38 at 7-8. Ms. Shelley did not even refer to age in her letter. ECF No. 38 at 7-8. Rather, Ms. Shelley explained in the letter that she felt that she was disciplined for reasons other than poor performance. ECF No. 38 at 7-8.

### Timekeeping Issues

Bank of America employees were required to indicate on their timecards the precise time that they worked. ECF No. 24 at 35. Employees were not permitted to submit a time card indicating that they worked a forty-hour default schedule when, in fact, the precise time that they had worked was not forty hours. ECF No. 24 at 32. Ms. Shelley's job duties included ensuring that associates were paid for the time that they worked. ECF No. 24 at 35-36. Failure to specify precise work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    time on time cards was grounds for disciplinary action including termination.  ECF

2    No. 24 at 37.

3         Ms. Shelley instructed Mr. Libertini, an employee for whose time card she

4    was responsible, on twelve prior occasions that he was required to fill out his time

5    card accurately.  ECF No. 24 at 40-42.  Neither Mr. Libertini nor employee Mr.

6    Canfield accurately reported their time but, instead, resorted to their default

7    schedule.  ECF No. 38 at 4.  Ms. Shelley ultimately approved several forty-hour

8    per week default timecards for Mr. Libertini.  ECF Nos.; 24 at 42; 38 at 4.

9         Mr. Simpson conducted a visit in November of 2009 to the Walla Walla

10   Banking Center.  ECF No. 25 at 5.  During this visit, Mr. Simpson noticed Mr.

11   Libertini, an hourly-paid assistant manager, appeared to have been working later

12   than the time that he was scheduled to work.  ECF No. 25 at 5.  Ms. Shelley

13   contends, however, that Mr. Simpson did not have any discussion with Mr.

14   Libertini at that time.  ECF No. 40 at 2.  Soon thereafter Mr. Simpson began

15   investigating Ms. Shelley's employment performance, particularly with respect to

16   whether Ms. Shelley permitted employees to violate Bank of America's

17   timekeeping requirements which itself was a violation of the bank's policy.  ECF

18   No. 25 at 5.

19        Mr. Simpson and Bank of America employee Mr. Wilde visited the Walla

20   Walla branch on December 11, 2009 for the purpose of investigating timekeeping

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1   violations.  ECF No. 40 at 2.  On January 6, 2010, Mr. Simpson and Mr. Wilde met

2   with Ms. Shelley to discuss Ms. Shelley's purported time keeping violations.  ECF

3   38 at 4.

4               **Equal Employment Opportunity Commission Complaint**

5         On January 7, 2010, Ms. Shelley filed a complaint with the Equal

6   Employment Opportunity Commission ("EEOC") for age discrimination.  ECF No.

7   38 at 4.  On June of 2010, the EEOC dismissed Ms. Shelley's charge against Bank

8   of America.  ECF No. 24 at 57.

9               **The Termination**

10        On February 22, 2010, Mr. Simpson and Mr. Wilde terminated Ms.

11  Shelley's employment with Bank of America.  ECF No. 24 at 50.  Bank of

12  America replaced Ms. Shelley with a manager the same age as her.  ECF No. 24 at

13  57.

14                               **ANALYSIS**

15          **Summary Judgment Standard**

16        Summary judgment is appropriate "if the movant shows that there is no

17  genuine dispute as to any material fact and the movant is entitled to judgment as a

18  matter of law." Fed. R. Civ. P. 56(a).  A key purpose of summary judgment "is to

19  isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*,

20  477 U.S. 317, 323-24 (1986).  Summary judgment is "not a disfavored procedural

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex*, 477 U.S. at 327.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ.P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the court draws all reasonable inferences in favor of the nonmoving party. If the nonmoving party produces evidence that contradicts evidence produced by the moving party, the court must assume the truth of the nonmoving party's evidence with respect to that fact. *T.W. Elec. Serv., Inc.*, 809 F.2d at 631. The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e). Furthermore, the court will not presume missing facts, and non-specific facts in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

1   affidavits are not sufficient to support or undermine a claim.  *Lujan v. Nat'l*

2   *Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

3          ***Age Discrimination under the WLAD***

4        Under the WLAD, "[i]t is unfair practice for an employer . . . [t]o discharge

5   . . . any person from employment because of age . . . ."  RCW 49.60.180(2).  The

6   WLAD does not, however, provide criteria for establishing an age discrimination

7   claim.  *Grimwood v. Univ. of Puget Sound, Inc.,* 110 Wn.2d 355, 753 P.2d 517

8   (1988).  Thus, Washington courts look to federal case law that interprets and

9   applies the Age Discrimination in Employment Act of 1967 (ADEA) to guide its

10  analysis under the WLAD.  *Roberts v. ARCO*, 88 Wn.2d 887, 892, 568 P.2d 764

11  (1997).

12       A plaintiff may establish a prima facie age discrimination case under the

13  WLAD by either (1) circumstantial evidence under the *McDonnell Douglas* burden

14  shifting framework or (2) direct evidence of discriminatory intent.  *See Kastanis v.*

15  *Educ. Emps. Credit Union*, 122 Wn.2d 483, 490-91, 859 P.2d 26, 30 (1994).

16         ***McDonnell Douglas Test***

17       Washington has adopted the *McDonnell Douglas* burden-shifting framework

18  as the appropriate test to determine whether a plaintiff may prevail in an age

19  discrimination action.  *Kastanis,* 12 Wn.2d at 490, 859 P.2d at 30 (citing

20  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1983)).  Under the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

*McDonnell Douglas* framework, a plaintiff must first establish a prima facie

discrimination case.  *Kastanis*, at 490, 859 P.2d at 30 (citing *McDonnell Douglas*,

at 802).  A plaintiff establishes a prima facie age discrimination case

> by demonstrating that he [or she] was (1) at least forty years old, (2) performing his [or her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination."

*Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (2008) (quoting

*Coleman v. Quaker Oats Co.*, 232 F.2d 1271, 1281 (9th Cir. 2000)).

Bank of America moves this Court to grant summary judgment based on the

second and fourth elements of the McDonnell Douglas test: (2) satisfactory job

performance and (4) replaced by a substantially younger employee.  ECF No. 23.

However, the Court need not address the second element because Ms. Shelley fails

as a matter of law on the fourth element.

Ms. Shelley concedes that she was replaced by an employee her same age.

ECF No. 36 at 7:2-4.  Consequently, Ms. Shelley fails to create an inference of age

discrimination under the *McDonnell Douglas* framework.[1]  *See Diaz*, 521 F.3d at

_____

[1] Ms. Shelley invites the Court to apply an exception to the fourth element

under the *McDonnell Douglas* framework that permits a plaintiff to prevail on this

element by showing "circumstances giving rise to an inference of age

discrimination."  *Diaz*, at 1208.  This exception, however, applies only to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1208 n.2 (explaining this element requires an employee to proffer evidence that the employee was replaced by a substantially younger employee with equal or inferior qualifications); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996) (stating that replacing one worker with an insignificantly younger worker creates no inference of age discrimination); *see, e.g., Brady v. Daily World*, 105 Wn.2d 770, 776, 718 P.2d 785, 788-89 (1986) (affirming the lower court's summary judgment ruling against a plaintiff who failed to present any evidence that she was replaced by a substantially younger person).[2]  Accordingly, Ms.

---

"reduction-in-force" cases wherein the employer does not hire a new employee to take on the terminated employee's former employment tasks.  *Diaz*, at 1208 n.2.  The matter before the Court is not a "reduction-in- force" case.  Accordingly, the Court declines the invitation to expand the circumstances in which this exception applies.

[2] Ms. Shelley correctly notes that the fourth element "is not absolute." *Grimwood*, 110 Wn.2d at 364, 753 P.2d at 521.  However, the Supreme Court of Washington stated the *McDonnell Douglas* test was not absolute in the sense that establishing a prima facie case does not amount to a factual finding of discrimination and does not relieve the employee of the requirement to convince a jury that the employee's discharge was based on discrimination.  *Grimwood*, 110

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  Shelley fails to establish a prima facie case under the McDonnell Douglas test as a

2  matter of law.

3                    ***Direct Evidence of Discriminatory Intent***

4         A plaintiff may establish a prima facie case of discrimination by presenting

5  circumstantial evidence to satisfy the *McDonnell Douglas* test or, alternately, by

6  direct evidence of discriminatory intent.   *Kastanis*, 122 Wn.2d at 491, 859 P.2d at

7  30.  Direct evidence is "evidence that is given by a witness who has directly

8  perceived something at issue in th[e] case" while circumstantial evidences is

9  "evidence from which [a person], based on . . . common sense and experience, . . .

10 may reasonably infer something that is at issue in th[e] case."  WPI 1.03.

11        Ms. Shelley presents two pieces of evidence as direct evidence that her

12 termination was the result of age discrimination.  First, Mr. Simpson purportedly

13 referred to Ms. Shelley as a member of the so called "Oldsmobile Club."  ECF No.

14 _____

15 Wn.2d at 362-63, 753 P.2d at 520-21 (citing *Loeb v. Textron*, Inc., 600 F.2d 1003

16 (1st  Cir. 1979)); *see Furnco Consrt. Corp. v. Waters*, 438 U.S. 567, 579 (1978)

17 (stating the "*McDonnell Douglas* prima facie showing is not the equivalent of a

18 factual finding of discrimination").  An explanation that these elements are not

19 absolute, consequently, provides no basis for the proposition that courts may relax

20 this standard.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

42 at 1-2.; 39 at 2; 40 at 2.  However, every statement in the record that asserts that Mr. Simpson used the term "Oldsmobile Club" is inadmissible hearsay.  Fed. R. Evid. 801(c), 802.  Accordingly, it cannot be considered by this Court.  See Fed. R. Civ. P. 56(c)(4).  Second, Mr. Simpson told Mr. Libertini to approach a young lady in Bank of America who was "scantily clad" for the purpose of giving her a job application, allegedly saying that the young lady was the type of enthusiastic employee the bank needed.  ECF No. 40 at 4.  Such evidence is not direct evidence that Ms. Shelley's termination was based on her age.

As the record contains no direct evidence of discriminatory intent, Ms. Shelley fails to establish a prima facie case of age discrimination under the direct evidence standard.  As Ms. Shelley has also failed to establish a circumstantial prima facie case under the *McDonnell Douglas* framework, Bank of America is entitled to summary judgment on the age discrimination claim.

### Retaliation under the WLAD

It is an unfair practice under the WLAD "for any employer . . . to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by" the WLAD.  RCW 49.60.210.  To establish a prima facie case for retaliatory discharge, Ms. Shelley must establish three elements: (1) that she engaged in statutorily protected activity, (2) that she was discharged, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

(3) that retaliation was a substantial factor behind the discharge. *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 36 P.3d 1094 (2001).

Bank of America contends Ms. Shelley failed to create an issue of fact for the jury as to the first and third elements. ECF No. 34 at 19-24. Ms. Shelley contends, first, that sending the November 2009 letter was a statutorily protected activity because the letter indicated her termination was "unfair." ECF No. 38 at 4, 7-8. Ms. Shelley argues, secondly, that the complaint that she filed with the EEOC was a substantial factor behind Bank of America's decision to terminate her because Bank of America knew before it elected to terminate Ms. Shelley that she had filed a charge with the EEOC against Bank of America. ECF Nos. 36 at 5; 42 at 9-12.

### *Statutorily Protected Activity*

A statutorily protected activity is an activity in opposition to conduct that is arguably a violation of the law. *Estevez v. Faculty Club of Univ. of Washington*, 129 Wn. App. 774, 798 (2005). A general complaint about an employer's unfair conduct does not rise to the level of protected activity in an action for age discrimination under the WLAD absent some reference to age. *See  Graves v. Dept. of Game*, 76 Wn. App. 705, 712, 887 P.2d 424, 428 (1994) (affirming the lower court's grant of summary judgment on the plaintiff's retaliation  claim because the complaints "were not of sexual discrimination").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

In her November 7th letter, Ms. Shelley indicated that her discipline from the bank was "unfair," "based upon misunderstanding," "based on the result of our market," and further explains that Ms. Shelley felt "singled out for an alleged lack of performance." ECF No. 38 at 7-8. Notably, Ms. Shelley's letter, although clearly indicating that she felt unfairly singled out for allegedly inadequate work performance, did not contain any indication of unfair treatment based on age or any other protected characteristic. ECF No. 24 at 52. Therefore, Ms. Shelley's retaliation claim based on the November 7th letter fails because writing that letter was not a statutorily protected activity.

### Retaliation a Substantial Factor behind Discharge

To establish a prima facie case of retaliation, Ms. Shelley must show that filing a complaint with the EEOC about age discrimination was a substantial factor behind Bank of America's decision to discharge Ms. Shelley's employment. *Allison v. Hous. Auth. of City of Seattle*, 118 Wn.2d 79, 96, 821 P.2d 34, 43 (1991) (declining to adopt a "but for" causation test and ultimately holding a plaintiff pursuing a claim "under RCW 49.60.210 must prove causation by showing that retaliation was a substantial factor motivating the adverse employment decision"). The "substantial factor" element may be satisfied if the protected activity and adverse action were proximate in time and there is evidence that the employee was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1    performing satisfactory work.  *Campbell v. State*, 129 Wn. App. 10, 23, 118 P.3d

2    888, 893-94 (2005).

3          Bank of America asserts that it is entitled to summary judgment because

4    Bank of America had investigated Ms. Shelley's conduct and was considering

5    terminating Ms. Shelley before Ms. Shelley filed her EEOC complaint .  ECF No.

6    23 at 22.  Ms. Shelley provides no argument in opposition to Bank of America.

7    *See* ECF No. 36.  However, Ms. Shelley does note in the factual recitation of her

8    response memorandum that Bank of America knew of the EEOC complaint before

9    she was terminated.  ECF No. 36 at 5.  Ms. Shelley's position, consequently, relies

10   on proximity in time between the date on which Bank of America had knowledge

11   of the EEOC complaint and the date that Bank of America discharged Shelley.

12         Bank of America had investigated Ms. Shelley's failure to comply with its

13   timekeeping procedures prior to the time Ms. Shelley filed a complaint with the

14   EEOC.  ECF No. 38 at 4.  Ms. Shelley filed her charge against Bank of America

15   with the EEOC one day after she met with her supervisors to discuss time keeping

16   violations.  ECF No. 38 at 4.  Bank of America responded by letter to Ms.

17   Shelley's EEOC complaint in February 18, 2010.  ECF No. 38 at 9-12.

18         While proximity in time may be a factor in determining whether an

19   employer acted with retaliatory purpose, evidence that an employer discharged an

20   employee after it discovered that the employee filed a complaint with the EEOC is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

immaterial where, as here, the employer had contemplated that particular course of action prior to knowing of the complaint. *See, e.g., Clark Cnty. Sch. Dist. v. Breedon*, 532 U.S. 268, 273 (2001) (finding the fact the employer transferred an employee one month after the employer learned about a complaint that the employee filed with EEOC was immaterial because the employer had contemplated the transfer prior to learning about the complaint).  As the Supreme Court of the United States explained, "proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark Cnty. Sch. Dist.*, 532 U.S. at 272.  Accordingly, despite the proximity between Ms. Shelley's complaint to the EEOC and her termination, Ms. Shelley has failed to meet her burden of showing that her filing the EEOC complaint was a substantial factor in the decision to terminate her.  Accordingly, she has not established a prima facie case of retaliatory discharge.

Even if the Court were to find that Ms. Shelley had established a prima facie showing that her termination was in retaliation for her filing an EEOC complaint, Ms. Shelley's claim still must fail.  Where an employee establishes a prima facie case of retaliation, the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for the discharge. *Grimwood*, 110 Wn.2d at 363-64, 753 P.2d 517.  On summary judgment, if the employer meets this burden, the employee must create an issue of fact by showing this reason for discharge is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

pretext for a discriminatory purpose. *Renz v. Spokane Eye Clinic, P.S.*, 114 Wn. App. 611, 619, 60 P.3d 106, 110 (2002). An employee may demonstrate pretext any one of three ways: present evidence that "(1) the reasons have no basis in fact, or (2) even if based in fact, the employer was not motivated by these reasons, or (3) the reasons are insufficient to motivate an adverse employment decision." *Renz,* 114 Wn. App. at 619, 60 P.3d at 110 .

Bank of America has provided a non-discriminatory reason for Ms. Shelley's termination: her issues with timekeeping. Ms. Shelley has presented no evidence suggesting that her timekeeping issues have no basis in fact, are not the true motivation for her termination, or are not sufficient to motivate termination. Accordingly, even if Ms. Shelley had established a prima facie case of retaliation, she has not established that Bank of America's non-discriminatory basis for termination is a pretext.

Ms. Shelley has not created a genuine issue of material fact that Bank of America's reason for terminating her was pretext. Accordingly, Bank of America is entitled to summary judgment on the retaliation claim.

Accordingly, **IT IS ORDERED** that:

1.  Defendant's motion for summary judgment, **ECF No. 21**, is **GRANTED.**

2.  The Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

3.  **JUDGMENT** shall be entered for the Defendant.

4.  All pending motions, if any, are **DENIED AS MOOT**.

5.  All pending deadlines and hearing dates are hereby **STRICKEN**.

The District Court Executive is directed to enter this Order, enter judgment for Defendant, forward copies to counsel, and **close** the file.

**DATED** this 21st of November, 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17